IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CV 009

| | |
|---|---|
| A.B., as Lawful Guardian *ad litem* of Minor Child, L.B., ) ) ) | |
| Plaintiff ) ) | **ORDER** |
| v ) ) | |
| BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, LINDA BRADSHAW, JOHN ROES 1-10, and MICHAEL ANDREW ALEXANDER, ) ) ) ) ) | |
| Defendants ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion to Consolidate (#7) filed by Defendants' Burke County Public Schools Board of Education and Linda Bradshaw. In the motion those two Defendants request the Court to consolidate this matter for all purposes, including trial, with the case presented in P.B., as Lawful Guardian *Ad Litem* of Minor Child, Jane Doe v. Burke County Board of Education, Linda Bradshaw, John Roes 1-10, and Michael Andrew Alexander which is pending in this Court.(1:12cv334) The Plaintiff has responded to the motion of Defendants in a response entitled "Plaintiff's Opposition to Defendants' Motion to Consolidate" (#17). In the response, Plaintiff requests the Court grant the Defendants' motion in part by consolidating

1

the the two cases for pretrial purposes only and reserve for later decision whether or not the two cases should be consolidated for trial.

## I. BACKGROUND

An examination of the Complaints filed this action and the action contained in file 1:12cv334, appear to have arisen out of the same set of facts. Both Complaints allege injury caused out of alleged acts or omissions of the Defendants Burke County Board of Education and Linda Bradshaw and also other alleged acts of the Defendant Michael Andrew Alexander.

In the Complaints it is alleged that Defendant Alexander was a teacher at Hildebran Elementary School located in Burke County, North Carolina. It is further alleged that both the minor Plaintiffs were students in Defendant Alexander's third grade class during the academic year 2011 to 2012. (Complaints, ¶¶ 1, 2 and 3) It is alleged that during school hours and on school grounds that Defendant Alexander sexually molested both of the minor Plaintiffs. (Complaints, ¶¶ 1, 2, and 3) It is further alleged that Defendant Bradshaw was a guidance counselor at Hildebran Elementary School and when each of the two minor Plaintiffs complained of the actions of Defendant Alexander, that the Defendant Bradshaw disregarded the complaints. (Complaints, ¶¶ 4, 5 and 6)

The two Complaints are almost mirror images of each other. The

Complaints contain almost the same exact language in the factual allegations (1:12cv334, ¶¶ 20-53) (1:13cv09, ¶¶ 21-53) The purported causes of actions, although similar in each case, are presented against different Defendants. In file 1:12cv334, counts I, II, III, and IV present claims against the school board, Bradshaw and John Roes. In file 1:13cv09, counts I and II are made against the school board only. The purported causes of actions of each Complaint are all entitled similarly. Counts VI, VII, VIII, IX, X, XI, XII, XIII and XIIII in each Complaint are virtually the same.

The Plaintiffs in each case are represented by the same attorneys and the Defendants Burke County Public Schools Board of Education and Linda Bradshaw are represented by the same attorneys. Mr. Alexander represents himself in each case.

The Complaint in file 1:13cv09 in ¶ 26 alleges that "Defendant Alexander's sex and child abuse of L.B. includes abuse and misconduct that is nearly identical to the heinous crimes he carried out against L.B.'s classmate." (See P.B. v Burke County Public Schools Board of Education, et al., Case No. 12-cv-334 (W.D.N.C.).) It would appear that the Plaintiff in file 1:13cv09 is incorporating the allegations in 1:12 cv 334.

## II. STANDARD OF REVIEW

Rule 42 of the Federal Rules of Civil Procedure permits the Court to consolidate two or more cases "if actions before the court involve a common question of law or fact." Fed.R.Civ.P. 42(a). Federal district courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). In the Fourth Circuit, the relevant factors for a district court to consider in deciding whether to consolidate are:

(1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and possible confusion;

(2) the relative burden on the parties;

(3) witnesses and available judicial resources posed by multiple lawsuits;

(4) the length of time required to conclude multiple suits as against a single one; and,

(5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)). This Court may consolidate the cases if, in light of the totality of the circumstances, it is

necessary for the just adjudication of both suits. The Court will consider each of the <u>Arnold</u> factors in turn.

### III. ANALYSIS

(a)  <u>Risk of Confusion Verses Rick of Inconsistent Adjudications</u>

The Defendants School Board and Bradshaw contend that the consolidation of these cases for both discovery and trial would prevent the possibility of inconsistent verdicts in regard to the Defendants. The Plaintiff, on the other hand, contends that each minor Plaintiff has suffered damages that are distinct as to each one of the minor Plaintiffs and that there should be, at least at this time, separate trials. Plaintiff's counsel does not object to the consolidation of the two cases for discovery but does object for the consolidation for trial. However, Plaintiff's counsel states in his Response that position may change. Discovery is just now beginning in these cases. At this point, the Court cannot determine if joinder for trial is best but it would appear from the similarity of the Complaints and the allegations that the Court should, in fact, weigh this factor in favor of at least joinder for discovery purposes if not for trial. However, at this time it appears it would be best interest of justice to reserve for the District Court, that being the trial court in this matter, the decision of whether or not the cases should be joined for trial after discovery has been completed.

(b) <u>Burden on the Parties</u>

It would appear, at least as to discovery and the presentation of a majority of what would be the potential witnesses in these cases, that the burden on both the Plaintiff and Defendants in each case would be decreased by a joinder for not only discovery but also for trial.

(c) <u>The Burden on the Witnesses and the Courts Posed by Multiple Lawsuits</u>

It appears that consolidation for discovery and trial would lessen the burden on both the witnesses and the Court. An examination of the Complaints shows that the witnesses to be called in each case would essentially be the same, other than for damages. Consolidation for both discovery and trial would save these witnesses from exposure of having to have to testify twice if the cases were not consolidated for trial. The burden upon jurors would be decreased by one trial. Judicial economy would be increased by a joinder for both discovery and trial. <u>Johnson v Coleotex Corp</u>., 899 F.2d 1281, 1285 (2nd Cir. 1990) This factor is weighed by the undersigned in favor of joinder for both discovery and trial.

(d) <u>Length of Time Required to Conclude Multiple Suits as Against a Single One</u>

The Complaint in file 1:12cv334 was filed on October 22, 2012 and in file

1:13cv09, the Complaint was filed on January 14, 2013. The parties, however, submitted similar requests for scheduling. This Court, on March 26, 2013, filed scheduling orders in each case setting the same schedule for discovery and the same date for trial. This factor is weighed in favor of consolidation for all purposes, that being both discovery and trial.

(e) <u>The Relative Expense to All Concerned of the Single Trial, Multiple-Trial Alternatives</u>

The undersigned would weigh this factor in favor of consolidation for all purposes. Considering the budget constraints upon this Court and the effective and economical use of juror time shows that this factor should weigh heavily in favor of granting Defendants' motion for both purposes, that being discovery and trial.

## IV. <u>CONCLUSION</u>

In summation, the <u>Arnold</u> factors weigh in favor of consolidation for purposes of both discovery and trial. However, the undersigned is of the opinion that joinder for trial should, in these two cases, be a decision to be made by the District Court after the Court has the benefit of the completion of discovery. The undersigned will grant the Defendants' motion in part and will order that the cases be consolidated for discovery purposes. The undersigned will further order that the decision as to whether or not to grant Defendants' motion as to consolidation for

7

trial will be reserved to the District Court after discovery has been completed.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Consolidate by Burke County Public Schools Board of Education and Linda Bradshaw (#7) is hereby **ALLOWED** in part and is **RESERVED** for decision by the District Court in part. It is further **ORDERED** that the cases entitled "P.B., as Lawful Guardian *ad litem* of Minor Child, Jane Doe v. Burke County Public Schools Board of Education, Linda Bradshaw, John Roes 1-10, and Michael Andrew Alexander", file 1:12cv334 is hereby **JOINED** for the purposes of discovery with the file entitled "A.B., as Lawful Guardian *ad litem* of Minor Child, L.B. v. Burke County Public Schools Board of Education, Linda Bradshaw, John Roes 1-10, and Michael Andrew Alexander", that being file 1:13cv09. It is further **ORDERED** that the decision as to whether or not to grant Defendants' motion for consolidation for trial is hereby reserved to the District Court and is to be determined by the District Court after the completion of discovery in these two cases.

Signed: April 5, 2013

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge

